**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Nicholas R. Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Suite D1
Costa Mesa, California 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
321 N Mall Drive, Suite R108
St. George, Utah 84790
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOMMY TOMPKINS JR., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PLATINUM PLUS AUTO PROTECTION INC.,<br><br>Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *ET SEQ.*<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. Tommy Tompkins Jr. ("Mr. Tompkins Jr." or "Plaintiff") brings this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Platinum Plus Auto Protection Inc. ("Platinum Plus" or "Defendant"), in negligently, and/or willfully contacting Plaintiff for marketing purposes on their cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

# JURISDICTION AND VENUE

2. This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. §227(b).

3. Venue is proper in the United States District Court for the Central District of California pursuant to 18 U.S.C. § 1391(b) because the Defendant is incorporated in this state and domiciled within this judicial district.

# PARTIES

4. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Alabama. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

5. Plaintiff is informed and believes, and thereon alleges, that Platinum Plus is, and at all times mentioned herein was, a corporation whose primary corporate address is in Santa Ana, California.

6. Plaintiff is informed and believes, and thereon alleges, that Platinum Plus is, and at all times mentioned herein was, a corporation and a "person," as defined by 47 U.S.C. § 153 (39).

7. Platinum Plus provides consumer credit products like extended warranties for vehicles and advertises those products through the use of telephone calls.

## FACTUAL ALLEGATIONS

8. At all times relevant Platinum Plus conducted business in the State of California and in the County of Orange, city of Santa Ana within this judicial district.

9. At no time did Plaintiff ever enter into a business relationship with Defendant.

10. At no time did Plaintiff provide his current cellular telephone numbers to Defendant through any medium, and in fact, Plaintiff had never heard of Platinum Plus prior to Platinum Plus calling him.

11. On or about April 15, 2019, Defendant contacted Plaintiff on his cellular telephone ending in "7871".

12. Platinum Plus called Mr. Tompkins Jr.'s cellular telephone using an artificial or prerecorded voice message in an effort to convince Plaintiff to pay for warranty services on his vehicle. Each time Defendant called there was a long pause on each of the calls after Plaintiff answered.

13. Upon information and belief, the calls were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1), using an "artificial or prerecorded voice" as prohibited by 47 47 U.S.C. § 227(b)(1)(A).

14. Despite Plaintiff's many attempts to ignore and avoid Platinum Plus's calls, they continued to call Plaintiff several times on his cellular telephone.

15. In the month of April of 2019, Platinum Plus, without Plaintiff's consent, called Plaintiff at least two times on or about April 15th. The number that Platinum Plus utilized the telephone number (251) 276-8857.

16. Throughout this time, Plaintiff repeatedly told Platinum Plus representatives to stop calling his cellular telephones, thereby revoking any consent that Platinum Plus may have had to call Plaintiff.

17. Upon information and belief, Defendant, or its agent, spoof telephone numbers so that it cannot be traced and Defendant, or its agent's, identity cannot be known.

18. Upon information and belief, this telephone dialing equipment used by Platinum Plus, or its agent, has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

19. Upon information and belief, this telephone dialing equipment also has the capacity to dial telephone numbers stored in a database or as a list without human intervention.

20. The several months of unwanted calls from Platinum Plus caused Plaintiff to become annoyed and frustrated.

21. Through Defendant's aforementioned conduct, Plaintiff suffered an invasion of a legally protected interest in privacy, which is specifically addressed and protected by the TCPA.

22. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.

23. The telephone numbers Platinum Plus called were assigned to a cellular telephone service for which Plaintiff incurs a charge for cellular telephone service pursuant to 47 U.S.C. § 227(b)(1).

24. The calls to Plaintiff were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A)(i).

25. Defendant's calls to Plaintiff's cellular telephone numbers were unsolicited by Plaintiff and were placed without Plaintiff's prior express written consent or permission.

## CLASS ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and on behalf of and Class Members of the proposed Class pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

27. Plaintiff proposes to represent the following Class consisting of and defined as follows:

> All persons within the United States who received any telephone call(s) from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, made through the use of any automatic telephone dialing system or artificial or prerecorded voice without their consent within the four years prior the filing of this Complaint.

28. Plaintiff proposes to represent the following Sub-Class consisting of and defined as follows:

> All persons within the United States who received any telephone call(s) from Defendant or its agent(s) and/or employee(s), not for an emergency purpose, on said person's cellular telephone, made through the use of any automatic telephone dialing system or artificial or prerecorded voice, after having asked that the calls cease, without their consent within the four years prior the filing of this Complaint.

29. The Class and Sub-Class together are referred to as the "Classes."

30. Platinum Plus and its employees or agents are excluded from the Classes. Plaintiff does not know the number of members in the Classes, but believes the Class members number in the several thousands, if not more. Thus, this

matter should be certified as a Class action to assist in the expeditious litigation of this matter.

31. Plaintiff and members of the Classes were harmed by the acts of Platinum Plus in at least the following ways: Platinum Plus, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones by using marketing and artificial or prerecorded voice messages, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

32. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

33. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Platinum Plus's records or Platinum Plus' agents' records.

34. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

   i. Whether, in the four years prior to the filing of the complaint, Platinum Plus or its agent(s) placed any marketing calls and artificial or prerecorded voice messages to the Class (other than a

message made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system to any telephone number assigned to a cellular telephone service;

ii. Whether prior express written consent was required for the marketing calls;

iii. Whether calls continued after asking the calls cease;

iv. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

v. Whether Platinum Plus and its agents should be enjoined from engaging in such conduct in the future.

35. As a person that received at least one marketing call via an ATDS or an artificial or prerecorded voice message to their cell phones without Plaintiff's prior express written consent, including after requesting the calls cease, Plaintiff is asserting claims that are typical of the Classes. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

36. Plaintiff and the members of the Classes have all suffered irreparable harm as a result of the Platinum Plus unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Platinum Plus will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

37. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

38. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Platinum Plus to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Platinum Plus is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

39. Platinum Plus has acted on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Classes as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE**
**TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 ET SEQ.**

40. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

41. Platinum Plus repeated calls in a span of several months to Plaintiff's cellular phone without any prior express consent—and even after Plaintiff revoked any consent that may have existed—constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq*.

42. As a result of Platinum Plus, and Platinum Plus' agents, negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

43. Plaintiff and the members of the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
### 47 U.S.C. § 227 *ET SEQ.*

44. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

45. Platinum Plus made repeated telephone calls to Plaintiff's cellular telephone without being in any business relationship or contract. Furthermore, after Platinum Plus was explicitly told to not call Plaintiff, Platinum Plus, or its agents, continued to call Plaintiff's cellular telephones.

46. Platinum Plus' actions constitute numerous and multiple knowing and/or willful violations of the TCPA, including, but not limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

47. As a result of Platinum Plus knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each of the Class members are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

48. Plaintiff and the members of the Classes are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

49. Wherefore, Plaintiff respectfully requests the Court to grant Plaintiff and the Class members the following relief against Platinum Plus:

### FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION
### OF THE TCPA, 47 U.S.C. § 227 *ET SEQ.*

- As a result of Platinum Plus and Platinum Plus agent's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each

Kazerouni Law Group, APC
Costa Mesa, California

- Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiff seeks injunctive relief prohibiting such conduct in the future.
- Any other relief the Court may deem just and proper.

### SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

- As a result of Platinum Plus' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).
- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

### TRIAL BY JURY

50. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demand, a trial by jury.

Date: January 22, 2020

**Kazerouni Law Group, APC**

By: /s Abbas Kazerounian
ak@kazlg.com
Abbas Kazerounian
*Attorneys for Plaintiffs*

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**
10 OF 10